UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD<br>1669 Benedict Canyon Drive<br>Beverly Hills, CA 90210,<br><br>and<br><br>RYAN NOAH SHAPIRO<br>12 James Way<br>Cambridge, MA 02141,<br><br>      PLAINTIFFS<br>vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>      DEFENDANT | Civil Action No. _____ |

# **COMPLAINT**

## THE PARTIES

1. Plaintiff Jason Leopold is a citizen of California residing at 1669 Benedict Canyon Drive, Beverly Hills, CA 90210.

2. Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James Way, Cambridge, MA 02141.

3. Mr. Leopold is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in *The Guardian*, *The Wall*

*Street Journal*, *The Financial Times*, *Salon*, CBS Marketwatch, *The Los Angeles Times*, *The Nation*, Truthout, Al Jazeera English and Al Jazeera America.

4. Mr. Leopold seeks access to certain public records to write a news report for distribution to the general public.  His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these records will be published and reprinted.

5. Mr. Shapiro is a Ph.D. candidate in the Program in History, Anthropology, & Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology. He is an historian of the political functioning of national security and the policing of dissent.  Shapiro's research and analysis have been featured in, among numerous other outlets, *The Washington Post, The Los Angeles Times, The Wall Street Journal*, *The Associated Press, NPR, BBC, The Nation, Mother Jones, Democracy Now!, The Hill, McClatchy DC*, *PolicyMic, Fox News, The Daily Caller, The Afro-American, Salon,* and *Vice News*.  Additionally, Shapiro has been invited to present lectures pertaining to his research at numerous leading institutions, including Harvard Law School, Yale Law School, the City University of New York Law School, the Kennedy School of Government at Harvard University, the National Institutes of Health (NIH), and the Max Planck Institute for the History of Science (Berlin).

6. Mr. Shapiro seeks access to certain public records to write popular news and/or scholarly articles for distribution to the academic and general public. His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these documents will be published and reprinted.

7. Defendant Department of Justice (DOJ) is an agency of the United States.

8. The DOJ has possession, custody and control of the records Plaintiffs seek.

## JURISDICTION AND VENUE

9. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

10. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

11. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

12. There is an ongoing dispute between the Central Intelligence Agency (CIA) and the Senate Select Committee on Intelligence (SSCI) over the SSCI's review of the CIA's former Detention and Interrogation Program.

13. The CIA and SSCI reached an agreement which would permit SSCI staffers to review CIA documents at a secure CIA facility in Virginia. A written agreement or series of agreements specified the parameters regarding the staffers' access to CIA documents.

14. The CIA has alleged that SSCI staffers illegally removed a document known as the Panetta Internal Review.

15. Senator Feinstein, Chair of the SSCI, has alleged that the CIA violated its written agreement with the SSCI and possibly violated criminal laws by searching SSCI computers located at the CIA facility in Virginia.

16. Both matters were referred to the DOJ, which declined to pursue criminal charges. According to a DOJ spokesperson, "The department carefully reviewed the matters referred to us and did not find sufficient evidence to warrant a criminal investigation"

### PLAINTIFFS' FOIA REQUEST

17. On September 5, 2014, Plaintiffs sent a FOIA request to the DOJ Mail Processing Unit via First Class Certified Mail (7013 3020 0000 7279 9985) requesting:

- Any and all records constituting, discussing, mentioning, or referring to hacking and/or unauthorized/inappropriate access by employees of the Central Intelligence Agency into Senate Select Committee on Intelligence computers and shared computer hard drives set up for the purposes of reviewing classified Central Intelligence Agency documents about the rendition, detention and interrogation program.

- The case file pertaining to a Department of Justice investigation into the hacking and/or unauthorized/inappropriate access by employees of the Central Intelligence Agency into Senate Select Committee on Intelligence computers.

- Any and all records constituting, discussing, mentioning, or referring to Senate Select Committee on Intelligence staffers accessing a Central Intelligence Agency document(s) referred to as the "Panetta Review."

- Any and all witness statements, investigation reports, prosecution memoranda, and FBI 302 reports referring to a Department of Justice investigation and/or preliminary review into the hacking and/or unauthorized access of Senate Select Committee on Intelligence computers and the seizure of a document(s) referred to as the "Panetta Review."

- Any and all records (including but not limited to notes and/or recordings) reviewed at, prepared for, generated at, discussing, mentioning, or reflecting decisions by the Department of Justice not to launch a formal criminal investigation into the CIA's unauthorized access of Senate Select Committee on Intelligence computers and the Senate Select Committee on Intelligence's seizure of a document(s) referred to as the "Panetta Review."

- Any and all communications between any Department of Justice employee and any Central Intelligence Agency employee discussing, mentioning, or referring to the unauthorized access/hacking of Senate Intelligence Committee computers by CIA employees and the seizure of a CIA document(s) by Senate Intelligence Committee staffers referred to as the "Panetta Review." (SSCI) over the SSCI's review of the CIA's former Detention and Interrogation Program

18. In their request to the DOJ, Plaintiffs requested expedited processing and a fee waiver.

19. According to the records of the U.S. Postal Service, the DOJ received Plaintiffs' FOIA request on September 9, 2014.

20. At the time of the filing of this Amended Complaint, Plaintiffs have not received a response to their FOIA request to the DOJ with a determination as to whether the DOJ will disclose the requested records.

## COUNT I:
## VIOLATION OF FOIA

21. This Count realleges and incorporates by reference all of the preceding paragraphs.

22. Plaintiffs' FOIA request that is the subject of this lawsuit is a valid FOIA request which reasonably describes the records sought and is not overbroad.

23. Plaintiffs are entitled to a waiver of fees on their requests to the DOJ.

24. Defendant has violated FOIA by improperly withholding the requested records.

25. Plaintiffs have been and will continue to be irreparably harmed until Defendants are ordered to produce nonexempt records responsive to their FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendants to process the requested records without further delay and release all nonexempt portions to Plaintiffs without charging Plaintiffs fees;

(3) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

  /s/ Jeffrey Light
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*