## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD and<br>RYAN NOAH SHAPIRO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:14-cv-02198 (JEB)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED BRIEFING SCHEDULE

Plaintiffs, Jason Leopold and Ryan Shapiro, filed this lawsuit under the Freedom of

Information Act ("FOIA") on December 24, 2014, seeking processing of their September 5,

2014, FOIA request to the Department of Justice ("DOJ").  On March 2, 2015, the DOJ filed its

answer.  The same day, the Court ordered the parties to confer and file, by March 11, 2015, a

proposed briefing schedule.  On March 11, the parties jointly requested a four-week extension, or

until April 8, 2015, to submit the proposed briefing schedule.  The Court granted this request.

Because the parties have not been able to agree on a briefing schedule, their respective positions

are set forth below:

## DEFENDANT'S POSITION

1.      While plaintiffs' FOIA request is dated September 5, 2014, DOJ was not aware of

the request until October 7, 2014, when plaintiff's counsel raised it with counsel for defendant at

a status conference in another case.  Counsel for the parties subsequently conferred in an effort to

locate the request within the DOJ; the request was located after plaintiffs' counsel provided to

defendant's counsel on November 3 the post office tracking number and a copy of the return

receipt.  Thereafter, the request was received on November 18 in the Office of Information

Policy ("OIP"), the component in DOJ that processes FOIA requests seeking records from within

OIP and from six senior leadership offices at the Department, specifically the Offices of the

Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy,

Legislative Affairs, and Public Affairs.

       2.     Over the last four weeks, DOJ has been working to complete the remainder of its

searches, has conducted an initial responsiveness review of some 8,000 documents retrieved by

OIP as a result of its searches, has surveyed the potentially responsive records to determine

which DOJ components and other agencies will need to be consulted on information of interest

to them within the responsive records, and has identified  categories of documents that – if

plaintiff agreed – could be eliminated to lessen the time for the processing of the documents.

       3.     While DOJ has completed the vast majority of its searches, it is still working to

complete a few remaining searches of classified and high-level records, the sensitivity of which

require a more detailed, time-intensive review At this time, DOJ does not know how much more

material those searches will add to the records that have already been located.

       4.     DOJ initially identified over 8,000 documents potentially responsive to plaintiffs'

FOIA requests.  This number of documents has been reduced as a result of OIP's initial review,

and there are now over 3,000 documents (estimated at more than 8,000 pages) which will need to

be reviewed one-by-one ("manual review"), in order to make a final determination as to whether

they are responsive to plaintiffs' FOIA requests.  The manual review will necessarily be time-

consuming.  In addition, the number of documents and pages will likely increase as the results of

the final searches are received.  While an agreement between the parties to limit the scope of the

records sought could lessen the review time, and defendant has identified and presented a list of categories of documents to plaintiffs for potential narrowing, plaintiffs are currently unwilling to limit their request further.

5.      Once DOJ has completed the remainder of the searches and the manual review of the over 8,000 pages identified as potentially responsive in its initial review, it will have a better estimate as to how many pages of responsive material there are, and what degree of consultation will be required in order to process the responsive material.  At this point, DOJ has identified approximately fifteen other agencies and DOJ components with equities in the records, which will require extensive consultations before final disclosure determinations can be made.

6.      In light of the time required to complete the searches of classified and other sensitive records, the review of over 8,000 pages of documents for responsiveness and non-exempt information, as well as the extensive consultations required with an estimated fifteen or more other agencies and DOJ components, DOJ proposes the following schedule for the processing and release of any non-exempt information, and for briefing of dispositive motions, which works out to a processing time of close to 1,000 pages per month, and which is an expedited processing rate for OIP:

| | |
|---|---|
| Release of any non-exempt information | January 29, 2016 |
| Defendant's opening brief (includes 2-week period for plaintiffs to review released information and determine what, if anything, to challenge) | March 11, 2016 |
| Plaintiffs' opposition | April 8, 2016 |
| Defendant's reply | April 29, 2016 |

7.      DOJ recognizes that its initial estimate for processing and release of documents prior to the reduction from 8,000 documents (as opposed to pages) to 3,000 was nine months. That estimate was already based on an expectation that the 8,000 documents would be reduced significantly during the review process, which has occurred.  DOJ sought an additional four weeks prior to filing a proposed briefing schedule to develop a timeline with more certainty, and to identify categories of records whose exclusion could reduce the volume.  While DOJ had anticipated that the additional time might allow it to reduce the estimated processing time if enough documents were culled out of the production (whether for reasons of responsiveness or by agreement of the plaintiffs) and/or if the number of required consultations were not voluminous; at this point, however, DOJ still has over 3,000 documents (and over 8,000 pages) to process and an extensive amount of consultations to conduct, and cannot reduce the nine month time frame further.

## PLAINTIFFS' POSITION

1.      The Department of Justice received Plaintiffs' FOIA request in September of 2014. It has now been seven months since the FOIA request was submitted, and Defendant has not yet completed the processing a single page.

2.      The Court should order Defendants to provide interim releases every 4 weeks. Such rolling productions are typical in FOIA cases and Defendant has not demonstrated a compelling reason to depart from this standard practice. If the Court is not inclined to order interim releases, Plaintiffs request that each component tasked with processing a portion of the

FOIA request release responsive, non-exempt records when that component has finished processing.

3. Defendant has apparently tasked different components with locating responsive records. In a letter dated March 23, 2015, the FBI indicated that it has already completed its search and located no responsive records. (FOIPA tracking number 1320240-000.) Plaintiffs propose that briefing commence forthwith on the adequacy of the FBI's search, with Defendant's motion to be due in one month and subsequent briefs to be filed within the time provided by the local rules.

4. Plaintiffs joined in the request for a four-week extension of time to propose a schedule to the Court only because of representations made by counsel for Defendant. Counsel for Defendant indicated that if Defendant were to file a briefing schedule on the date that the Court initially set, Defendant would seek 9 months to complete production. Counsel for Defendant further indicated that if Defendant had an additional four weeks, Defendant would likely be able to propose a faster production schedule. Defendant's current proposal has production being completed by January 29, 2016. This is later than counsel for Defendant had previously indicated that Defendant would need. Counsel for Defendant had previously indicated that Defendant would need 9 months from March 11, 2015 to complete processing (which would have been December 11, 2015).

Dated: April 8, 2015

Respectfully Submitted,

__ /s/ Jeffrey L. Light_____
JEFFREY LIGHT (D.C. Bar 485360)
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

**Counsel for Plaintiffs**


BENJAMIN C. MIZER
Acting Assistant Attorney General

VINCENT H. COHEN, JR.
Acting United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

_ /s/ Vesper Mei_____
VESPER MEI (D.C. Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C.  20530
Telephone: (202) 514-4686
E-mail: vesper.mei@usdoj.gov

**Counsel for Defendant**